UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| KENNETH MARCUM, | ) | |
| | ) | |
| Plaintiff, | ) | 1:13-CV-158 |
| | ) | |
| GRAPHIC PACKAGING INTERNATIONAL, | ) | |
| INC., and CIGNA LEAVE SOLUTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the court on the Attorney Fee Petition filed by Defendants Graphic Packaging International, Inc. and Cigna Leave Solutions, (together "GPI") (Docket # 25.) The Petition follows a successful Motion to Compel (Docket # 21), which was granted on August 28, 2013, leaving open the question of fees and expenses. For the following reasons, the Court will GRANT GPI's Petition, except that it will reduce the amount requested by GPI from $5,697 to $3,085.50.

### II. FACTUAL AND PROCEDURAL BACKGROUND

On August 16, 2013, GPI filed its Motion to Compel, asking this Court to order Plaintiff Kenneth Marcum to comply with outstanding discovery requests, fully respond to interrogatories, tender his initial disclosures, and that GPI receive those fees and costs incurred for having brought the motion. (Docket # 21.) On August 19, 2013, the Court set the Motion for hearing on August 28, 2013, and ordered both Marcum and his counsel to be present. (Docket # 22.) On that date, however, neither Marcum nor his counsel appeared. After hearing argument, the Court granted GPI's Motion and took under advisement the issue of attorney fees, ordering

1

GPI to file a brief and affidavits in support of its request (Docket # 24.)  The Court then set the case for a show cause hearing for September 20, 2013, and ordered Marcum and his counsel to be present.  The Court also set the issue of attorney fees for the same date and time.  (Docket # 23.)

Accordingly, GPI filed its Attorney Fee Petition on September 16, 2013, seeking $5,697 in attorney fees and expenses for 20.1 billable hours performed by two attorneys and one paralegal.  (Defs.' Mot. for Att'y Fees 3.)  GPI asserts that Jason Keck–an associate with three years of experience and billing at $285 per hour–spent 17.4 hours researching and drafting the Motion to Compel, Motion for Attorney Fees, and three letters to opposing counsel.  (Defs.' Mot. for Att'y Fees 3, Exs. 2-3.)  Nesheba Kittling–a partner with nine years of experience and billing at $340 per hour–spent 1.7 hours reviewing Mr. Keck's work.  (Defs.' Mot. for Att'y Fees 3, Exs. 1-3.)  Finally, Gretchen Stewart- a paralegal billing at $160 per hour[1]–spent 1.0 hour on associated tasks.  (Defs.' Mot. for Att'y Fees 3, Exs. 1-3.)

At the hearing on September 20, 2013, Marcum conceded that attorney fees and costs must be awarded as none of the exceptions in Federal Rule of Civil Procedure 37(a)(5)(A)(i)(ii)(iii) apply, but argued that the billing rates should be set at local rates, not actual (*i.e.*, Chicago) rates, and that the amount of time expended by GPI's attorneys was excessive.

### III.  DISCUSSION OF APPLICABLE LAW

Rule 37(a)(5) governs the imposition of expenses and attorney fees related to a motion to compel.  That Rule provides, in relevant part: "If the motion is granted . . . the court must, after

---

[1] Ms. Stewart's billing rate varies from $160 to $210 in the Motion for Attorney Fees Ex. 3.  Because GPI asserts that Ms. Stewart's billing rate is $160 in their Motion for Attorney Fees, this rate is deemed controlling.

giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P 37(a)(5). "The great operative principle of [Rule 37(a)(5)] is that the loser pays." *Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994).

Nonetheless, Rule 37(a)(5) mandates that only "reasonable expenses" be awarded. "Accordingly, the only fees this Court will grant will be those that (a) the movant demonstrably incurred; (b) are reasonable; and (c) are in fact the product of [Marcum's] failure [to comply with discovery requests and rules]." *Maxwell v. South Bend Work Release*, No. 3:09-CV-008, 2010 WL 4318800, at *4 (N.D. Ind. Oct. 25, 2010).

The court determines the amount of a reasonable fee by looking to the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"–the so-called "lodestar" determination. *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "The court may then also adjust the initial award based on various factors." *Romary Assocs, Inc. v. Kibbi LLC*, No. 1:10-CV-376, 2011 WL 4948834, at *2 (N.D. Ind. Oct. 18, 2011) (citing *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 n.1 (7th Cir. 1996)).[2] The movant bears the burden of establishing and documenting its fees to the satisfaction of the court; "once it has done so, those fees are presumptively appropriate unless challenged by the opposing party." *Romary Associates, Inc.*, 2011 WL

---

[2] These factors are the following: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

4948834, at *2.

Within the Seventh Circuit Court of Appeals, courts have reduced the hours expended–oftentimes to half or less than half–when motions to compel lack legal or factual complexity. *See, e.g.*, *Maxwell*, 2010 WL 4318800, at *5 (reducing hours spent on a three-page brief in support of a motion to compel that cited no case law from 7.4 hours to 3.5 hours); *Catapult Commc'n Corp. v. Foster,* No. 06 C 6112, 2009 WL 2707040, at *2 (N.D. Ill. Aug. 25, 2009) (cutting the hours worked in half because counsel spent an unreasonable amount of time on a motion that lacked complexity and billed for some activity that was not compensable); *Primex, Inc. v. Visiplex Tech.*, No. 05-C-515-S, 2006 WL 538992, at *4 (W.D. Wis. Feb. 24, 2006) (reducing hours expended when motions were not legally complex); *Mattenson v. Baxter Healthcare Corp.,* No. 02 C 3283, 2003 WL 22317677, at *1-2 (N.D. Ill. Oct. 9, 2003) (decreasing the hours spent preparing a non-complex, three-page motion to compel from 15.3 hours to 7 hours).

In determining whether the rates charged were reasonable, the Seventh Circuit has repeatedly found that an attorney's actual billing rate, as opposed to the local rate, is "presumptively appropriate." *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F. 738, 743 (7th Cir. 2003) (quoting *People Who Care*, 90 F.3d at 1310). "A judge who departs from this presumptive rate must have some reason other than the ability to identify a different average rate in the community." *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1151 (7th Cir. 1993). "The best measure of the cost of an attorney's time is what the attorney could earn from paying clients." *Id.* at 1150.

Moreover, "if an out-of-town attorney has a higher hourly rate than local practitioners, district courts should defer to the out-of-town attorney's rate when calculating the lodestar amount." *Mathur*, 317 F.3d at 743 (finding Chicago rates appropriate for case in southern Illinois); *see, e.g.*, *Gusman*, 986 F.2d at 1150-51 (finding Chicago rates appropriate for case in Madison, Wisconsin); *Chrapliwy v. Uniroyal, Inc.*, 670 F.2d 760, 768-69 (7th Cir. 1982) (finding New York and Washington D.C. rates appropriate for case in South Bend, Indiana); *Elite Enters., Inc. v. ASC, Inc.*, No. 1:04-CV-94, 2006 WL 1520636, at *5-7 (N.D. Ind. May 30, 2006) (finding Philadelphia rates appropriate for case in Fort Wayne, Indiana).

Turning to the rate charged for work done by a paralegal, "the only inquiry for requested paralegal fees should be whether the work was sufficiently complex to justify the efforts of a paralegal, as opposed to an employee at the next rung lower on the pay-scale ladder." *People Who Care*, 90 F.3d at 1315. "[T]he district court should disallow time spent on what are essentially 'clerical' or secretarial tasks." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999) (affirming district court's reduction of paralegal fees for time spent organizing file folder, document preparation, and copying documents).

## IV. ANALYSIS

Looking at the billing rate, Marcum has presented no evidence rebutting GPI's assertion that actual rates, not local rates, set the market rate. Thus, Marcum has conceded the issue. *People Who Care*, 90 F.3d at 1313 ("Once an attorney provides evidence of his billing rate, the burden is upon the defendant to present evidence establishing a good reason why a lower rate is essential. A defendant's failure to do so is essentially a concession that the attorney's billing rate is reasonable and should be awarded.") (citation and quotations omitted). Therefore, GPI's

attorneys' actual rates control and fees will be assessed at $340 per hour for Ms. Kittling, $285 per hour for Mr. Keck, and $160 per hour for Ms. Stewart.

Turning to the amount of hours billed, Marcum argues that 20.1 hours is excessive. Marcum asserts that the time spent drafting correspondence to opposing counsel and drafting and revising the two Motions was unreasonable.

### A. Mr. Keck's Hours Are Reduced from 17.4 to 9.1

Of the 20.1 total hours, Mr. Keck is responsible for the lion's share, billing 17.1 hours. Of these 17.1 hours, 3.7 were spent drafting three letters to Marcum's counsel telling him that his responses to discovery requests were deficient. (Defs.' Mot. for Att'y Fees Ex. 3.) Time spent communicating with opposing counsel, related to the motion to compel, can be included in attorney's fees. *Maxwell*, 2010 WL 4318800, at *5. Although correspondence can be included in the attorney fees, Mr. Keck spent an unreasonable amount of time drafting these letters. Between all three letters there is approximately four pages of text. (Defs.' Mot. to Compel Exs. 3, 5-6.) The letters do little other than cite to the appropriate discovery rule and specify why Marcum's discovery response was inappropriate. While 3.7 hours may very well be the time Mr. Keck spent on the three letters, billing judgment suggests some winnowing is needed. *Cooper Tire & Rubber Co. v. Tri–State Tire, Inc.,* No. 85C6147, 1986 WL 9185, at *2 (N.D. Ill. Aug. 19, 1986) (decreasing amount of hours spent preparing documents in half due to simplicity of the issues involved and short length of documents). Accordingly, the Court reduces Mr. Keck's entries dated "7/16/13," "7/30/13," and "08/05/13" from 3.7 hours in total to 1.2 hours.

Mr. Keck spent 9.1 hours drafting and revising the Motion to Compel. The hours worked on this Motion appear unnecessarily high given the lack of legal or factual complexity.

Approximately the first four pages of the ten page Motion are spent reciting the background facts and setting forth GPI's attempts at receiving adequate discovery responses from Marcum. (Defs.' Br. in Supp. of Mot. to Compel 1-4.) From there, the Motion spends six pages reciting boilerplate language concerning discovery and repeating the complaints made in the letters previously sent to Marcum. (Defs.' Br. in Supp. of Mot. to Compel 4-7.) Courts have repeatedly found that mere citation to boilerplate language reciting black letter law on discovery justifies a reduction in hours expended. *Nw. Nat'l Life Ins. Co. of Milwaukee, Wis. v. Lutz*, 933 F. Supp. 730, 735 (C.D. Ill. 1996) (stating that a "brief, which contains little more than the facts and a recitation of some black-letter law . . . should not have consumed 13 hours of [an attorney's] time"). A Motion that contains little more than the facts and a recitation of black-letter law regarding discovery, should not have consumed more than nine hours of Mr. Keck's time. *Catapult Commc'n Corp.*, 2009 WL 2707040, at *2 (finding it appropriate to reduce the hours expended by half when, among other defects, no legal authority to support the entirely factual argument was cited in the motion to compel). Therefore, the Court reduces Mr. Keck's entries dated "08/09/13," "08/12/13," "08/13/13," and "08/16/13 " from 9.1 hours to a more reasonable expenditure of 4.6 hours.

Mr. Keck also spent 1.3 hours preparing for, and arguing at the hearing, GPI's Motion to Compel. (Defs.' Mot. for Att'y Fees Ex. 3.) An hour of preparation time on a straightforward motion seems excessive as the subject matter of the hearing would not require extensive preparation. As stated above, there is nothing factually complex about Marcum's failure to comply with the discovery rules–indeed, they were obvious–and all legal arguments contained in the Motion were routine and boilerplate. Therefore, the Court will reduce Mr. Keck's entry

dated "08/28/13" from 1.3 hours to 0.8 hours.

Finally, Mr. Keck billed 3.3 hours for the time spent drafting the Motion for Attorney Fees.  (Defs.' Mot. for Att'y Fees Ex. 3.)  Like the Motion to Compel, this Motion contains little more than a recitation of the facts and some routine language on attorney's fees.  More than half of the four page Motion is spent reciting the facts and providing background information on the billing attorneys; the remaining portion simply sets forth basic tenets of the relevant area of law. (Defs.' Mot. for Att'y Fees Ex. 3.)  Although the factual background and relevant legal standard are necessary, 3.3 hours is an unreasonable amount of time for Mr. Keck to bill.  *Arrington v. La Rabida Children's Hosp.*, No. 06 C 5129, 2007 WL 1238998, at *3 (N.D. Ill. Apr. 25, 2007) (reducing requested time when the brief in support of the motion to compel cited no case law). Accordingly, the Court reduces the entry for 3.3 hours to 2.5 hours.

### B. Ms. Kittling's Hours Are Reduced from 1.7 to 1.4

Ms. Kittling billed a total of 1.7 hours, all of which come from reviewing and revising Mr. Keck's correspondence and Motions.  Seven tenths of an hour is attributed to reviewing Mr. Keck's letters to opposing counsel.  Forty-two minutes (0.7 x 60 minutes = 42 minutes) is an excessive amount of time to spend reviewing letters of this nature.  As indicated above, the letters total approximately four pages in length, sparingly cite to the applicable discovery rules, and do little other than assert that Marcum failed to provide adequate responses to GPI's discovery requests.  As such the Court reduces Ms. Kittling's entries dated "07/16/13," "07/30/13," "08/06/13," and "08/07/13" from 0.7 hours to 0.4 hours.

Ms. Kittling also billed 0.5 hours for revising the Motion to Compel and 0.5 hours for revising the Motion for Attorney Fees and drafting her corresponding affidavit.  Although both

8

of the Motions are short and do little more than recite the necessary facts and legal standards, one hour is a reasonable amount of time to spend reading and revising the two Motions and drafting an affidavit. As such, the fees for these time entries will be allowed.

### C. Ms. Stewart's Hours Are Reduced from 1.0 to 0.1

Ms. Stewart billed 1.0 hours for various tasks associated with the two Motions. It appears, however, that almost all her time was spent performing clerical tasks. For instance, Ms. Stewart spent 0.8 hours doing document preparation for the Motion to Compel. In *Spegon*, the Seventh Circuit affirmed the reduction of a paralegal's billed hours because time spent "organizing file folders, [performing] document preparation, and copying documents" did not require a paralegal. 175 F.3d at 554. Similarly, Ms. Stewart's time spent compiling and preparing the exhibits is administrative, and could have been performed by a secretary. Because Ms. Stewart's billed time was clerical in nature, fees for this entry will be denied.

Ms. Stewart also billed 0.1 hours for time spent on the Motion for Attorney's Fees. As the moving party, GPI bears the burden of documenting their billing with enough specificity to determine if the time was reasonable. *Huss v. IBM Medical & Dental Plan*, No. 07 C 7927, 2010 WL 2836743, at *6 (N.D. Ill. July 15, 2010). Because the Court cannot determine why Ms. Stewart billed 0.1 hours, fees for this time entry are denied.

Finally, Ms. Stewart billed 0.1 hours for calling the court clerk to learn the procedures regarding the hearing on the Motion to Compel. Because a call regarding courtroom procedure is non-secretarial and required Ms. Stewart to call upon her paralegal training, the 0.1 hours billed is granted.

9

## V.  CONCLUSION

For the foregoing reasons, GPI's Motion for Attorney Fees (Docket # 25) is GRANTED in part and denied in part.  GPI is awarded attorney fees in the amount of $3,085.50 against the Plaintiff and his counsel jointly.[3]

SO ORDERED

Enter for this 25th day of September, 2013.

/S/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge

---

[3] The attorney fees and expenses were calculated as follows: Mr. Keck billed 9.1 hours at $285 per hour for a total of $2593.50; Ms. Kittling billed 1.4 hours at $340 per hour for a total of $476; and Ms. Stewart billed 0.1 hours at $160 per hour for a total of $16. $2593.50+$476+$16=$3,085.50.