UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| KENNETH MARCUM, | ) | |
| | ) | |
| Plaintiff, | ) | 1:13-CV-158 |
| | ) | |
| GRAPHIC PACKAGING INTERNATIONAL, | ) | |
| INC., and CIGNA LEAVE SOLUTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Before the Court is a motion for reconsideration, consisting of just three sentences, filed by Plaintiff Kenneth Marcum on September 24, 2013 (Docket # 30), requesting that the Court reconsider its August 28, 2013, order granting the Defendants' Motion to Compel.

A motion for reconsideration performs a valuable, but limited, function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (stating that the problems a motion to reconsider is designed to remedy "rarely arise and the motion to reconsider should be equally rare"). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale*, 90 F.3d at 1269-70.

The only virtue of Marcum's motion is its surprising brevity. Procedurally, the motion, to the extent it objects to the Court's ruling, is late. Under Federal Rule of Civil Procedure 72(a), Marcum had fourteen days to object to the Court's August 28, 2013 Order, but failed to do so. Even when Marcum and his counsel appeared at a hearing to address the remaining attorney

1

fee issue on September 20, 2013, no objection was made.  Consequently, Marcum waived the objections he seeks to raise now.  *Day v. River Forest Sch. Dist. 90*, No. 10 CV 4426, 2012 WL 3835840, at *2 (N.D. Ill., Sept. 4 2012).

Nevertheless, the Motion also lacks legal substance.  Essentially, Marcum's counsel asserts he never received notice of the August 28, 2013 hearing where the Motion to Compel was granted, but this is clearly wrong as a matter of law.  The Court issued a notice of the hearing on August 19, 2013, ordering both Marcum and his counsel to be present (Docket # 22.)  The fact that counsel's computer was allegedly not working at the time is no excuse as he was effectively served when the notice was <u>transmitted</u> via the Court's electronic filing system.  N.D. Ind. L.R. 5-2(b).  And more than that, Marcum's counsel knew his computer was not working (Bolinger Aff. ¶¶ 3, 5, 7, 10), but he apparently never attempted to reconstruct his allegedly destroyed electronic calendar to determine what court notices he may have missed.[1]  Consequently, the foundation for Marcum's entire argument crumbles at the outset.  *See In re Philbert*, 340 B.R. 886, 891 (Bankr. N.D. Ind. 2006) ("[I]t is counsel's responsibility to monitor the progress of their cases and the court's docket.") (collecting cases).

Moreover, Marcum never suggests how the August 28, 2013 Order, is wrong.  In fact, at the September 20, 2013  hearing, his counsel conceded that the Defendants' outstanding Fee Petition that followed the granting of the Motion to Compel must be granted because he had no "substantial justification" or "other circumstances" excusing his nondisclosure or inadequate discovery responses.  Indeed, his discovery responses (at least by the time of the August 28,

---

[1] According to the Court's CM/ECF system, Attorney Bolinger has ten open civil cases.  Certainly it would have been a simple task to determine if anything had happened in those cases during the time his office computer was down.

2013 hearing) were clearly inadequate on their face.[2]

Simply stated, Marcum offers no errors of law or fact, or newly discovered evidence, in his skimpy motion to reconsider, and accordingly it is DENIED.

SO ORDERED.

Enter for this 25th day of September, 2013.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[2] Marcum has since supplemented his earlier responses in accordance with the August 28, 2013 Order, but the Defendants maintain–via their pending Motion to Dismiss (Docket #26)–that these too are deficient.