## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| KENNETH W. MARCUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 1:13-CV-158 |
| | ) | |
| GRAPHIC PACKAGING INTERNATIONAL, | ) | |
| INC., and CIGNA LEAVE SOLUTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on the Report and Recommendation of Magistrate Judge Roger B. Cosbey (DE #38) dated October 29, 2013, and Plaintiff's Objection to Attorney's Fees and Costs (DE #40), filed by Kenneth W. Marcum ("Marcum") on November 12, 2013.  For the reasons set forth below, the objection is **OVERRULED** and the report and recommendation is **ADOPTED**.


BACKGROUND

Marcum filed a complaint against Defendants in Nobel Superior Court alleging violations of the Family Medical Leave Act ("FMLA"). Defendants removed the case to federal court.  On August 16, 2013, Defendants filed a motion to compel alleging a variety of discovery abuses.  A hearing took place before Magistrate Judge Cosbey on August 28, 2013.   Neither Marcum nor his counsel appeared for the hearing.

Magistrate Judge Cosbey granted the motion to compel in part and denied the motion in part. (DE# 23-24). Marcum was ordered to serve and supplement his Rule 26 disclosures by September 6, 2013, and to serve responses (or in some cases supplemental responses) to interrogatories and requests for production by Graphic Packaging International and Life Insurance Company of Norther America (improperly named as Cigna Leave Solutions). The request for attorneys fees and costs was taken under advisement. A hearing was scheduled for September 20, 2013, in which Marcum and his counsel were ordered to appear and show cause why they were not present at the August 28, 2013, hearing. On September 16, 2013, Defendants filed their fee petition relating to the previously granted motion to compel.

Two days later, on September 18, 2013, Defendants filed a motion titled "Defendants' Motion to Dismiss or, in the Alternative, to Enforce." (DE #26). In short, the motion alleged continued discovery abuses and sought dismissal as a sanction, or if the Court was unwilling to dismiss the case, an enforcement of Magistrate Judge Cosbey's previous order on the motion to compel. This Court referred the matter to Magistrate Judge Cosbey for a Report and Recommendation. (DE #28).

The same day this Court referred the matter to Magistrate Cosbey, the aforementioned show-cause hearing was held, and a briefing schedule was established for the motion to dismiss the case or enforce

-2-

the court's previous order.  No sanctions were imposed on Marcum or his attorney for their failure to appear at the August 28, 2013, hearing.  However, Magistrate Judge Cosbey granted the Defendants' request for fees related to filing the previously granted motion to compel.  Magistrate Judge Cosbey awarded a reduced fee amount of $3,085.50 against Marcum and his counsel jointly.

On October 18, 2013, following briefing of the motion to dismiss or enforce, Magistrate Judge Cosbey held a hearing on the matter.  On October 29, 2013, Magistrate Judge Cosbey issued his Report and Recommendation, and after a thorough analysis he recommended:

> that the Defendants' motion to dismiss be denied, motion to enforce be granted, and the following sanctions be imposed on Marcum: (1) limiting his potential damages to lost wages along with attorney's fees; (2) limiting his witnesses to only Ted Bates, Cherri Marcum, and April Kemp; (3) establishing his lost wages per week at $760; (4) ordering payment of one-half of the attorney's fees previously imposed within 30 days; (5) staying his discovery until he complies with this Order; and (6) that Marcum and his counsel pay Defendants' fees and costs associated with bringing this motion.

(DE #38 at 10-11).  On November 5, 2013, Marcum filed a timely objection to the report and recommendation.  Defendants have filed a response to the objection.  Accordingly, both the report and recommendation and Marcum's objection are ripe for adjudication.

DISCUSSION

When a party makes objections to a magistrate judge's

-3-

recommendations, "[t]he district court is required to conduct a *de novo* determination of those portions of the magistrate judge's report and recommendations to which objections have been filed." *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995). "[T]he court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).

Marcum challenges only one aspect of Magistrate Judge Cosbey's recommendation: the recommendation that Marcum pay Defendants' attorneys fees and costs associated with bringing the motion to dismiss that is the subject of the report and recommendation. There are several problems with the objection.

The objection is very short (essentially four short numbered paragraphs) and completely lacking in legal authority. The objection is also inconsistent. Marcum asserts in one sentence that he has no objection to Magistrate Judge Cosbey's recommendation set forth in the conclusion of the report and recommendation, but in the very next paragraph he objects to one of those recommendations: that he pay the costs and fees for the bringing of the motion that was referred to the magistrate judge.

Putting that inconsistency aside, the remainder of his argument is, in full, as follows:

> 3. To pay for Defendants' motion to dismiss, which was denied, would create a double sanction and that relieve [sic] was not warranted. The court could on its own have dismissed the case.

-4-

It did not.

4.   The payment of Attorney's fees and costs to dismiss is not justified or warranted in these circumstances.

(DE #40, pg. 1).

Contrary to the assertion in the objection, at the time the objection was filed the motion to dismiss had not yet been denied. The magistrate's report and recommendation is just that – a recommendation.  Further, Marcum completely fails to explain why he believes the magistrate judge's recommendation would create a double sanction.  It doesn't – the previous fee petition was limited to fees and costs incurred in filing the motion to compel, and Magistrate Judge Cosbey has recommendied that there be a second award of fees associated with the filing of the motion to dismiss or enforce. Federal Rule of Civil Procedure 37(b)(2) contemplates such an award.

Marcum also appears to be arguing that an award of fees is not warranted because Magistrate Judge Cosby recommended that the motion to dismiss be denied.  Marcum ignores the fact that one motion was filed seeking alternative forms of relief: either dismissal or an order enforcing the court's previous order granting a motion to compel.  The request that the case be dismissed was reasonable under the circumstances. Magistrate Judge Cosbey did not recommend that the harshest of the requested relief be granted, but nonetheless recommended that the Defendants be granted relief.  The Defendants' motion to dismiss or in the alterative enforce was well founded.

-5-

Indeed, Marcum has not even challenged most aspects of Magistrate Judge Cosbey's recommendation granting a variety of sanctions for failure to comply with the Court's previous order.   Under these circumstances, an award of fees is wholly appropriate.


CONCLUSION

For the reasons set forth above, the Court **OVERRULES** Marcum's objection to the report and recommendation of Magistrate Judge Cosbey (DE #40) and **ADOPTS** the report and recommendation (DE #38). Defendants' Motion to Dismiss or, in the Alternative, to Enforce is **GRANTED IN PART AND DENIED IN PART**.   The case will not be dismissed at this time, but the following sanctions are imposed on Marcum:

(1)   Marcum's damages are limited to lost wages along with attorney's fees;

(2)   Marcum's witnesses are limited to only Ted Bates, Cherri Marcum, and April Kemp;

(3)   Marcum's lost wages are established at $760 per week;

(4)   Marcum must pay of one-half of the attorney's fees previously imposed within 30 days on this order;

(5)   discovery is stayed until Marcum complies with this Order; and

(6)   Marcum and his counsel must pay Defendants' fees and costs associated with bringing Defendants' Motion to Dismiss or, in the Alterative, to Enforce (DE #26).

Defendants' request for leave to amend their previously filed fee

-6-

petition (DE #39) to include the fees and costs incurred in responding to Plaintiff's objection is **GRANTED**.


**DATED: December 6, 2013**                    **/s/RUDY LOZANO, Judge**
                                               **United States District Court**